UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES L. RAFFERTY JR.,

               Plaintiff,

        -against-

PATRICIA GILLETTE RAFFERTY; NEVA
PATRIC,

               Defendants.

25-CV-6314 (PAC)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

PAUL A. CROTTY, United States District Judge:

Plaintiff James L. Rafferty Jr., who resides in Manhattan, brings this action, *pro se*, invoking the court's federal question jurisdiction. He names as defendants, Patricia Gillette Rafferty, who allegedly resides in Pennsylvania, and Neva Patric, who Plaintiff identifies as a property manager at Plaintiff's building who allegedly is a British citizen. By order dated August 10, 2025, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint for lack of subject matter jurisdiction, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest,*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

To initiate this action, Plaintiff completed a court-issued complaint form. In the section of form that asks the basis of jurisdiction, Plaintiff writes, "Decided in 2019 by New York State Supreme Criminal Court Justice Hon Mary Rosado, NYSSCC Atty Joseph Rutulo parties were

2

found guilty of 'attempting to take ones life away from him' (me)."[1] (ECF 1, at 2.) He alleges that the events giving rise to his claims occurred at his apartment building, located in Manhattan, from "2017-2019 (found guilty) to 2025." (*Id.* at 5.) He also alleges that "both & others were found guilty . . . and were fined '$235,000 each and face possible jail time.'" (*Id.*) He notes that "Atty Joseph Rutulo represented Hon Rosado." (*Id.*) Plaintiff also notes that "they didn't kill me all the way but almost." (*Id.*)

Plaintiff indicates that his injuries included, "starved, breaking in my home, posion[ed] menta[l] anguish, . . . calling in false alarms (many) to local police & fire depts . . . and many other things – defamation, slander[.]" (*Id.* at 6.)

Plaintiff seeks $100,000,000 in damages.

## DISCUSSION

### A.    Subject Matter Jurisdiction

The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, a federal district court has jurisdiction only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Com. Workers Union, Loc. 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see*

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise. The Court uses standard capitalization.

3

Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative.").

### 1.    Federal Question Jurisdiction

To invoke federal question jurisdiction, a plaintiff's claims must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  A case arises under federal law if the complaint "establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Bay Shore Union Free Sch. Dist. v. Kain*, 485 F.3d 730, 734-35 (2d Cir. 2007) (quoting *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 690 (2006)).  Mere invocation of federal jurisdiction, without any facts demonstrating a federal law claim, does not create federal subject matter jurisdiction. *See Nowak v. Ironworkers Loc. 6 Pension Fund*, 81 F.3d 1182, 1188-89 (2d Cir. 1996).

Here, Plaintiff invokes the court's federal question jurisdiction, but the facts alleged do not suggest that any claim he may be asserting arises under federal law. Because his allegations do not suggest a viable federal cause of action, the Court lacks federal question jurisdiction of this action.

### 2.    Diversity of Citizenship Jurisdiction

Plaintiff also does not allege facts demonstrating that the Court has diversity of citizenship jurisdiction to consider this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). Diversity exists between "citizens of a [U.S.] State and citizens or subjects of a foreign state," unless the foreign citizen is

4

"lawfully admitted for permanent residence in the United States and . . . domiciled in the same State" as the U.S. citizen. 28 U.S.C. § 1332(a)(2); *see Windward Bora LLC v. Browne*, 110 F.4th 120, 127 (2d Cir. 2024) (explaining that the limiting clause in 28 U.S.C. § 1332(a)(2) "prevent[s] diversity jurisdiction in cases between a U.S. citizen and a permanent resident domiciled in the same state," even though the permanent resident remains a "citizen or subject of a foreign state" (alterations adopted and citation omitted)).

In addition, to establish diversity jurisdiction, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted).

Here, Plaintiff states that he resides in the State of New York, Defendant Rafferty resides in Pennsylvania, and Defendant Patric, who allegedly is a British citizen, resides in New York. Based on the information provided in the complaint, it appears that, unless Patric is not a permanent resident, Plaintiff and Patric are both citizens of New York. Thus, the complaint does not demonstrate that the parties are of diverse citizenship.

Furthermore, although Plaintiff seeks $100,000,000 in damages, he does not allege facts suggesting that Rafferty or Patric are liable in this action. Indeed, Plaintiff does not provide any facts connecting Rafferty or Patric to any conduct related to Plaintiff. The facts alleged simply do not show that these defendants are liable for any claim in excess of the sum or value of $75,000.00.

The Court therefore lacks diversity of citizenship jurisdiction of this action.

## B.    Leave To Amend Is Granted

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

5

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Although it is unclear whether Plaintiff can allege additional facts to state a valid claim of which this Court has subject matter jurisdiction, in abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint to cure the deficiencies identified above.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), with 30 days' leave to replead.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: January 13, 2026
New York, New York

_____
PAUL A. CROTTY
United States District Judge

6